## Transue v. Lesoine.

*Landlord and tenant—Real property—Possession—Proceedings before justice of the peace—Ejectment—Subsequent action in the Common Pleas.*

1. The fact that a landlord suffered an adverse judgment before a justice of the peace in his endeavor to get possession of his property under the Landlord and Tenant Act of Dec. 14, 1863, P. L. (1864) 1125, does not bar him from subsequently entering judgment in the Common Pleas in an amicable action in ejectment, where such an action and judgment are authorized by the terms of the lease under which the tenant held.

*Practice, C. P.—Rule to open judgment—Petition—Answer—Failure to take depositions.*

2. Where a rule to open judgment comes before the court upon petition and answer without depositions in support of the allegations of the petition, the court can only consider those allegations of the petition which are not denied in the answer.

Rule to open judgment. C. P. Monroe Co., Sept. T., 1923, No. 4.

*F J. Mervine*, for rule; *R. L. Burnett*, contra.

SHULL, P. J., July 17, 1923.—This matter comes before the court on a rule to open judgment in ejectment entered by confession under the provision of a
4 D. & C.

Transue *v.* Lesoine.

lease authorizing the entering of an amicable action of ejectment and the confession of judgment.

The petition for rule to show cause was presented and rule granted on May 29, 1923. On June 11, 1923, plaintiff filed her answer, denying all of the material allegations set forth in the petition, excepting that an action had been brought before P. M. Nilis, justice of the peace, and that said justice of the peace had rendered judgment in the following manner:

"After hearing the proofs and allegations by the said parties, our said justice of the peace did thereupon enter judgment in favor of said tenant, W. L. Lesoine, that the act of Frances Transue in notifying him he could remain another year by paying increased rental constituted a revocation of the notice to quit."

On the rule, no depositions were taken, and counsel for petitioner, at the argument of the case, urged and relied on the proposition that the matter is *res adjudicata* by reason of the said judgment of the justice of the peace. In disposing of this rule, that is the only phase of the controversy between these parties under consideration.

In support of his contention, counsel for petitioner specifically urges the case of Marsteller *v.* Marsteller, 132 Pa. 517, as governing the situation. That case was an appeal from the justice of the peace in an action brought under the Landlord and Tenant Act of April 3, 1830, P. L. 187, and decides that a judgment of the justice of the peace or alderman in a suit brought under that act is a bar to a second or to successive suit or suits on the same cause of action. This is not the question before us. In this case, action was brought before a justice of the peace under the Landlord and Tenant Act of Dec. 14, 1863, P. L. (1864) 1125, and judgment rendered against the plaintiff as above set forth. Subsequent to the rendering of this judgment by the justice of the peace, the plaintiff entered judgment in ejectment in an amicable action of ejectment authorized in the lease.

There is nothing to show which we could consider warranting opening this judgment and letting the defendant into a defence on the merits of the case, as all of the allegations in the petition contained, with the exception of the judgment of the justice of the peace, are denied by the plaintiff's answer, and no depositions have been taken. Therefore, as we have said, we can, as this matter is presented, consider only whether or not judgment before a justice of the peace is a bar to this action. In support of the action, plaintiff cites and relies on the case of McLaughlin *v.* McGee, 79 Pa. 217. This case, as we view it, governs the situation before us. The plaintiff thus having the right to maintain an action of ejectment in the Court of Common Pleas, notwithstanding an adverse judgment before a justice of the peace on the same cause of action, and there being an authorization for the entering of an amicable action of ejectment and of the confession of a judgment in an ejectment in the lease signed by the defendant (petitioner in this case), the proceedings before the justice of the peace would not bar this action.

And now, July 17, 1923, rule discharged, at the cost of petitioner.

                              From C. C. Shull, Stroudsburg, Pa.