EVANS and another *v.* VON LAER.

*(Circuit Court, D. Massachusetts.* September 8, 1887.)

1. TRADE-MARK—"MONTSERRAT LIME-FRUIT JUICE"—IMITATION OF BOTTLES.
   In a suit to restrain the infringement of a trade-mark, the only resemblance between the defendant's and complainants' packages was in the color of the labels, the use of the words "Montserrat Lime-Fruit Juice," and the form of the bottles, but the evidence disclosed that most lime-juice bottles were quite similar in size and design. *Held* no deception.

2. SAME—GEOGRAPHICAL NAME.
   Montserrat being the name of an island from which both parties import lime juice, the complainants, in the absence of fraud, are not entitled to the exclusive use of the word "Montserrat" as a designation for lime juice, although their article may have acquired a high reputation for purity and strength, while that of defendant may be of an inferior quality.

3. SAME—USE OF BOTTLES STAMPED WITH COMPLAINANTS' NAME.
   Where both parties are dealers in lime juice, the defendant has no right to sell lime juice in bottles stamped with complainants' name.

In Equity.
*Rowland Cox* and *Warren & Brandeis*, for complainants.
*Gray & Swift* and *Austin G. Fox*, for defendant.

COLT, J.   The complainants by their bill claim, as against the defendant, the exclusive use of the word "Montserrat," as a designation for lime juice.   Montserrat is the name of a small island in the West Indies, and the complainants, who reside in Liverpool, are the consignees of the Montserrat Company, Limited, a corporation having large plantations on the island.   The defendant lives in Boston, and is a dealer in lemon and lime-fruit juice.   Formerly he did business as Von Laer & Co., or as the Von Laer Fruit-Juice Co.   It appears that on labels bearing the name Von Laer & Co., the lime juice was designated as imported from Montserrat.   It is not shown that this lime juice was not in fact imported from Montserrat.   On the contrary, the evidence is that the defendant, or Von Laer & Co., bought lime juice on the island, and had it shipped to this country.   The fact that the Montserrat Company may have acquired a high reputation for the purity and strength of their article, and that the importation of Von Laer & Co. may have been inferior in quality, can make no difference, unless the defendant, by improper means and devices, has sought to make the public believe that he was selling the article made by the Montserrat Company.   In the absence of fraud the complainants cannot enjoin the defendant from the use of a geographical name.   This was settled in the case of *Canal Co.* v. *Clark,* 13 Wall. 311, where the court refused to enjoin the defendant against calling their coal "Lackawanna Coal," and where it was held that no one can apply the name of a district of country to a well-known article of commerce, and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district, or dealing in similar articles coming from the district, from truthfully using the same designation.   The fact that such use by another person may cause the public to make a mistake as to the origin or ownership of the product can make no difference, if it is true in its application to the goods of one as to the other.   Purchasers may be mistaken, but they are not deceived by false representation, and equity will not enjoin against telling the truth.   It is manifest, then, that to entitle the complainants to any of the relief sought by this bill, some fraud must be proved.

The complainants charge the defendant with fraud in two respects: (1) Imitation of their package as a whole; (2) the use of bottles having their names moulded in them.   A comparison of the labels will, I think, show that the public could not be misled into mistaking the defendant's article for the complainants'.   Aside from a resemblance in color, and from the use of the words "Montserrat Lime-Fruit Juice," which the defendant had a right to use, there is nothing on defendant's label which resembles that of the Montserrat Company.   Stress is laid upon the fact that the bottles are alike, but, bearing in mind that the evidence discloses that most lime-juice bottles are quite similar in size and design, I do not deem this very important.   There is one thing, how-

ever, which it seems to me the defendant has no right to do. The evidence is that some bottles used by the defendant have the complainants' name blown into them. I am aware that the name is on the bottom of the bottle, and that it is not very prominent; but while the defendant may buy in the market these bottles, and sell them again filled with anything but lime juice, I do not think he should be permitted to put his own lime juice into a bottle stamped with the complainants' name, and sell it. This may be said to be calculated to lead the public to believe they are buying the complainants' lime juice, when, in point of fact, they are buying some other person's. *Rose* v. *Loftus,* 38 L. T. R. (N. S.) 49; *Richards* v. *Williamson,* 30 L. T. R. (N. S.) 746. To this extent I think the complainants are entitled to a decree; and it is so ordered.

Decree for complainants.