HOSTETTER CO. v. BECKER. SAME v. BAUER. SAME v. BOWER.

(Circuit Court, S. D. New York. April 8, 1896.)

UNFAIR COMPETITION—CONTRIBUTING TO FRAUD.

Complainant had sold for many years an article known as "Hostetter's Bitters." Defendant manufactured an article resembling it in color and in other particulars, and sold the same to retail dealers, under the name "Host-Style Bitters," in large demijohns, without labels, and was shown in several instances to have given to the purchaser of his bitters an empty bottle bearing all complainant's labels. *Held,* that defendant, though the purchaser from him was not deceived, had furnished the means of deceiving the public, and should be enjoined from selling Host-Style Bitters, and, at the same time and in connection with the sale, giving to the purchaser empty Hostetter bottles.

Albert H. Clarke and James Watson, for complainant.
Charles Putzel, for defendants Becker and Bower.

COXE, District Judge (orally). In the cause argued yesterday, Hostetter Company against Emil Becker, I am inclined to think that, upon the conceded facts, the complainant is entitled to relief. Many propositions have been advanced upon one side and disputed upon the other which, in my view of the case, it is not necessary now to determine. The following facts are either conceded or are established by a great preponderance of testimony: The defendant makes an article of bitters which is light in color, and in other particulars resembles the bitters which have been sold by the complainant for a great number of years. These bitters made by the defendant are called "Host-Style Bitters," the name not being derivative, but purely arbitrary. The proof shows no possible reason for the adoption of this name unless it be that in sound and general appearance it resembles the complainant's name. No one of the witnesses called for the defendant gives any plausible explanation for adopting this name. In view of the other evidence I cannot doubt that it was adopted with an intent upon the part of the defendant to deceive the public and confound his bitters with those made by the complainant.

The defendant's bitters are sold in large demijohns, with no label or mark at all resembling complainant's labels. But it is admitted

that in four instances these bitters were sold and at the same time an empty bottle containing all the labels of the Hostetter bottles was given away to the purchaser. Admitting that nothing was said upon the occasion when these bottles were given away with the demijohn, I think the inference is almost conclusive that it was the intention of the defendant and his agents that the contents of the demijohn was to be poured into the bottle and sold in that way. No other presumption can arise from that conjunction of facts. Therefore, to draw an analogy from the patent law, it is a case of contributory infringement. Of course the buyers of defendant's bitters were not deceived. It is not pretended that they were, and that is not the theory of the bill as I understand it. But the defendant placed in the hands of the buyers implements which enabled them to deceive the general public. It cannot be successfully disputed that it would be a fraud upon the complainant's rights if a retail dealer should fill an old Hostetter bottle with spurious bitters and sell it to retail purchasers as the genuine Hostetter bitters; and yet this is, in the eye of the law, precisely what the defendant does. While not doing that himself he enables others to do it, and he suggests to them the way in which it can be done successfully.

Upon the conceded facts the case is brought directly within the decision in the Western circuit which was read yesterday, and where the law is laid down precisely as I understand it to be. Hostetter Co. v. Brueggeman-Reinert Distilling Co., 46 Fed. 188.

Mr. Putzel: If your honor please, there is a more recent case.

The Court: It does not change the law because that is the law which has been enunciated ever since the doctrine of unfair competition in trade has found a place in the law books.

The complainant is entitled to a decree enjoining the defendant and his agents from selling Host-Style Bitters, and at the same time and in connection with the sale giving to the purchaser empty Hostetter bottles. The court should not go to the extent of saying that the defendant should not sell his bitters by whatever name he sees fit in demijohns without labels, but as I said yesterday it would seem that he is treading upon dangerous ground in adopting a name which so closely resembles the complainant's name. I do not go to that extent, because I think the court would not be justified in saying that the defendant should not use "Host-Style" as the name for his bitters provided he does not simulate any of the labels of the complainant, but I do think he should be stopped from selling these bitters and giving to the purchaser empty Hostetter bottles in such circumstances that the purchaser could hardly doubt that it was the intention that he should sell the bogus bitters in the genuine bottle.

In the case of the Hostetter Company against Bauer, the defendant was a retail dealer who sold spurious bitters in a Hostetter bottle. That is undisputed. As to him there should be a decree as prayed for in the bill.

As to the case of the Hostetter Company against Bower, I will take the record and examine the testimony, because in that case there is a somewhat difficult question of fact.

Decrees to be prepared by complainant's counsel, copies of which are to be handed to the counsel for the defendant; the same to be settled Friday morning, April 10th.