NOTASEME HOSIERY CO. v. STRAUS et al.

(Circuit Court of Appeals, Second Circuit. December 9, 1912.)

No. 72.

1. TRADE-MARKS AND TRADE-NAMES (§ 70*)—UNFAIR COMPETITION—LABELS.

Where defendants' labels used on similar goods were engraved by the same company, and appeared to be actually copied, from those previously used by complainant and defendants continued to use the same after notice, they were guilty of unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 155; Dec. Dig. § 70.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 75*)—"UNFAIR COMPETITION"—DECEPTION.

In a suit for "unfair competition," it is not necessary for plaintiff to show actual deception; but it is sufficient if the proof shows that the actual and probable result of defendants' use of their infringing label will be the deception of the ordinary purchaser, making purchases under ordinary conditions.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 161; Dec. Dig. § 75.*

For other definitions, see Words and Phrases, vol. 8, p. 7174.

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York; John R. Hazel, Judge.

Action by the Notaseme Hosiery Company against Isidore Straus and others to restrain alleged infringement of the trade mark and for unfair competition. From a decree for defendants, complainant appeals. Reversed and remanded.

James H. Griffin, of New York City (E. H. Fairbanks and Robert M. Barr, both of Philadelphia, Pa., of counsel), for appellant.

Wise & Seligsberg, of New York City (E. E. Wise, of New York City, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. As we are of the opinion that the complainant may obtain adequate relief upon its charge of unfair competition, we think it unnecessary to examine the charge of trade-mark infringement. And as the latter phase of the case may be laid out of consideration, we are not required to determine the preliminary question whether the complainant, by its own deception in the use of its alleged trademark, was disentitled to ask its protection. Certainly no such deception is shown as would prevent the complainant from suing for unfair competition.

[1] The testimony shows that the complainant's label came into use some six months before that of the defendants. It also shows that the engraving company which prepared the complainant's label designed that of the defendants. The inference is strong that the latter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was actually copied from the former, and this inference is supported by comparing them. Each label is a rectangular design, having a diagonal black band with white script and triangular red panels. There is nothing to show that the defendants themselves knew at first of any similarity in the labels, but they were notified afterwards and continued the use.

[2] In our opinion the evidence is insufficient to show actual deception. Such proof, however, is not necessary. The question is whether the natural and probable result of the use by the defendants of its label will be the deception of the ordinary purchaser, making his purchases under ordinary conditions—whether there is a degree of similarity calculated to deceive. And we think there is such similarity. It seems clear to us that the general impression made by the defendants' label upon the eye of the casual purchaser would be likely to result in his confounding the defendants' goods with those of the complainant.

We conclude that the complainant is entitled to relief against unfair competition, and consequently the decree appealed from is reversed, with costs, and the cause remanded, with instructions to decree for the complainant.