COMMERCIAL ACETYLENE CO. et al. v. SCHROEDER et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913.)

No. 1,950.

1. PATENTS (§ 328*)—TERM—EXPIRATION OF FOREIGN PATENT—ACETYLENE GAS TANK.

The Claude & Hess patent, No. 664,383, for an apparatus for storing and distributing acetylene gas, expired June 30, 1910, with the expiration of the British patent, No. 29,750 of 1896, to the same patentees for the same invention; also *held* not infringed.

2. PATENTS (§ 132*)—TERM—EFFECT OF INTERNATIONAL CONVENTION.

Article 4 bis, inserted in the International Convention for the Protection of Industrial Property of March 20, 1883, by the additional act of convention signed at Brussels December 14, 1900 (32 Stat. 1940), as controlled and construed by Act March 3, 1903, c. 1019, 32 Stat. 1225 (U. S. Comp. St. Supp. 1911, p. 1453), "to effectuate the provisions" of such additional act of convention, was not retroactive, and did not extend the term of a United States patent, which under the law before the amendment was limited by the term of a prior foreign patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 188½–191; Dec. Dig. § 132.*]

Appeal from the District Court of the United States for the Northern District of Illinois; Christian C. Kohlsaat, Judge.

Suit in equity by the Commercial Acetylene Company and the Prest-O-Lite Company against the Searchlight Gas Company, George F. Schroeder, and Oscar Bauer. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 197 Fed. 908.

John P. Bartlett, Clarence Winter, and Keyes Winter, all of New York City, and Charles H. Hamill, of Chicago, Ill., for appellants.

Robert H. Parkinson, of Chicago, Ill. (John S. Miller, Merritt Starr, and Wallace R. Lane, all of Chicago, Ill., of counsel), for appellees.

Before BAKER and SEAMAN, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. A considerable volume of prior litigation on the patent in suit is to be found in the books, but this is the first case in which the defenses here presented appear to have had the consideration of the court.

The Court of Appeals of the Sixth Circuit, in 192 Fed. 321, held that it would not review the discretion of the court below in following the Milwaukee court on an application for a preliminary restraining order, but that the question of validity would be open on final hearing; and the Court of Appeals of the Eighth Circuit in Commercial Acetylene Company et al. v. Fireball, etc., Co., 198 Fed. 650, held that it was discretionary with the Circuit Court to grant the temporary order, that this discretion was for the Circuit Court, and not for the Court of Appeals, but that the question of validity was open for final hearing.

The patent in suit is described in claims 1, 2, and 5 as follows:

"1. A closed vessel containing a supersaturated solution of acetylene produced by forcing acetylene into a solvent under pressure; said vessel having

an outlet for the acetylene gas, which escapes from the solvent when the pressure is released or reduced, and *means for controlling said outlet whereby the gas may escape therethrough at substantially uniform pressure*, substantially as described.

"2. A prepared vessel consisting of a tight shell or vessel, a solvent of acetylene contained within said vessel, and acetylene dissolved in and held by said solvent under pressure and constituting therewith a supersaturated solution; *the package being provided at a point above the solvent with a reducing valve, substantially as and for the purpose set forth.*"

"5. As a new article of manufacture, a gas package comprising a holder or tight vessel, a contained charge of acetone, a volume or body of gas dissolved by and compressed and contained within the solvent, *and a reducing valve applied to an opening and extending to the interior of the holder above the level of the solvent*, substantially as set forth."

The defense is, first, noninfringement; and, second, that the patent expired prior to the suit by reason of the expiration of the British patent substantially identical with the patent in suit.

The claims of the British patent are as follows:

"1. The utilization, for the purpose of storage in a small volume of large quantities of acetylene gas, of the solubility of said gas in certain liquids by the application of pressure, so as to increase the quantity of gas dissolved per unit of volume of liquid as specified."

"6. The employment of a receiver containing a liquid charged with acetylene under pressure and from which the acetylene is evolved when required for use as specified."

"7. The herein described method of storing acetylene gas in a small volume for lighting or other purposes, which consists in dissolving the acetylene gas under pressure in a suitable liquid solvent such as described, from which it can be evolved when required for use."

[1] The British patent and the patent in suit are for substantially the same invention. The claims and the specifications show this. Both are for storing acetylene. Both describe a receptacle therefor. Both are for the distribution of the acetylene and control of such distribution. All distinctions sought to be made are distinctions in terms, in modes of expression, mere descriptive words. The patented invention is the same in both. The British patent having expired, the patent in suit expired with it.

[2] Complainants contend that this patent is protected by the treaty of 1902 (32 Stat. 1940) and the act of Congress of 1903 in relation thereto. The purpose of the act of 1903 was to lengthen the time after a foreign application before an application at Washington would be barred. It is not conceivable that Congress intended to make this statute retroactive. Any such construction is unwarranted by the words of the statute. Malignani v. Hill-Wright Elec. Co. (C. C.) 177 Fed. 430; Malignani v. Jasper Marsh Cons. Elec. Co. (C. C.) 180 Fed. 442.

So elaborately have all these questions been considered and authorities cited by the trial court, no good purpose would be served by repeating them here. (D. C.) 197 Fed. 908.

Respecting infringement, we find that appellees use a needle valve, which is not the equivalent in structure or function of the reduction valve described and claimed in the patent as a material element of the combination.

The decree is affirmed.