### NOTASEME HOSIERY CO. v. STRAUS et al.

#### (Circuit Court of Appeals, Second Circuit. May 14, 1914.)

#### No. 285.

TRADE-MARKS AND TRADE-NAMES (§ 98*)—UNFAIR COMPETITION—ACCOUNTING FOR PROFITS.

A decree holding defendants liable for profits realized from unfair competition, by using a label so like complainant's as to be deceptive, affirmed on the ground that during the time for which profits were allowed defendants were chargeable with intentional fraud.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Notaseme Hosiery Company against Isidor Straus and Nathan Straus, trading as R. H. Macy & Co. Decree for complainant, and defendants appeal. Affirmed

For opinion below, see 209 Fed 495.

E. E. Wise, of New York City, for appellants
E. H. Fairbanks, of Philadelphia, Pa., for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The complainant, a corporation of the state of Pennsylvania, filed its bill against the defendants, citizens of the state of New York, residing in the Southern District thereof, for infringement of its trade-mark and for unfair competition. The District Judge dismissed the bill, and upon appeal this court held that the labels were so alike that it was obvious confusion of goods must result. We sustained the charge of unfair competition. 201 Fed. 99, 119 C. C. A. 134. Accordingly the decree was reversed, and the District Court directed to enter a decree in favor of the complainant, with the usual injunction and accounting against the defendants.

It appears that the complainant's and defendants' labels were both designed by the same person, and that the defendants, though they put their goods on the market in March, 1908, were wholly unaware of the complainant's label until December 1, 1909.

The master awarded to the complainant the profits made on sales of this infringing hosiery from July 30, 1908, to February 1, 1913, amounting to $15,411.29. Upon exceptions to his report Judge Lacombe struck out profits down to January 1, 1910, from which time he held the defendants guilty of a deliberate intention to enter into unfair competition, because they continued to use their label after they had been advised of the complainant's and had ample time to change it. This reduced the decree to $9,839.73. The defendants appeal, on the ground that profits in cases of unfair competition are recoverable only when there is intentional fraud. Assuming this to be so, we are, in view of our previous decision, compelled to find that there was fraudulent intent.

The decree is affirmed.