PREST-O-LITE CO. v. DAVIS et al.

DAVIS et al. v. PRESTO-O-LITE CO.

(Circuit Court of Appeals, Sixth Circuit. July 25, 1914.)

Nos. 2583, 2584.

1. TRADE-MARKS AND TRADE-NAMES (§ 70*) — UNLAWFUL COMPETITION — GAS CONTAINERS—USE FOR COMPETING GAS.

Complainant manufactures and sells acetylene gas put up in metal tanks of peculiar construction, and also provides an exchange system by which an empty tank may be exchanged for a filled one at a small charge; its gas being trade-marked under the name "Prest-O-Lite," and its containers being marked "Prest-O-Lite gas tank." Defendants sold, for similar use, acetylene gas made by a competitor of complainant and put up in different containers; the competing manufacturer also having a similar exchange system. Defendants filled with the competing gas empty Prest-O-Lite tanks acquired by defendants, and in effect sold to consumers such refilled tanks, pasting a paper label thereon, from which the purchaser, by close attention, might discover that it was not complainant's gas. Held, that complainant's right to protection against unfair competition extended to the protection of its exchange system, and that defendant was therefore guilty of unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES (§ 11*)—INFRINGEMENT—PATENTED ARTICLE.

Where the term "prest-o-lite" not only applied to the sale of acetylene gas in patented container tanks for lighting vehicles, but had also become known as designating complainant's exchange service system, by which empty tanks could be exchanged at different stations in nearly every ordinary sized city for a filled one at a small charge, the word indicated origin or manufacture, and hence, the expiration of the patent on the container did not give the public the right to use the name, under the rule that on the expiration of the patent the generic name or description under which the patented article has been sold during the term of the monopoly passes to the public.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 15; Dec. Dig. § 11.*]

Appeals from the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge.

Suit in equity for unlawful competition by the Prest-O-Lite Company against Arthur C. Davis and another, doing business as Gluchow-

sky & Davis. From a decree for complainant for less than the relief demanded (209 Fed. 917), both parties appeal. Affirmed.

Keyes Winter, of New York, and Dudley V. Sutphin, of Cincinnati, Ohio, for Prest-O-Lite Co.

Wallace R. Lane, of Chicago, Ill., for Davis et al.

Before KNAPPEN, Circuit Judge, and COCHRAN and TUTTLE, District Judges.

PER CURIAM. The Prest-O-Lite Company, a manufacturer and distributor of acetylene gas for lighting automobiles and other vehicles, brought suit to restrain alleged unfair competition and infringement of trade-mark by defendants, who are dealers in automobile accessories. Complainant stores its gas in portable steel cylinders lined with asbestos, which absorbs a quantity of acetone, which in turn is saturated with acetylene gas introduced under pressure, the outflow for consumption being valve-controlled. The entire package, so filled by complainant with its gas (the gas being trade-marked under the name "Prest-O-Lite"), is furnished the consumer in the first instance. When the gas is consumed the tank is, under complainant's long-established system, accepted at any one of several thousand agencies or depots throughout the United States, in exchange for a package fully charged by complainant, and on payment of a small fraction of the original price of the filled package. Complainant's container is copper-plated and bears the words "Presto-O-Lite gas tank," together with its corporate name as manufacturer, etched in the metal surface of the cylinder. It also contains a notice licensing its sale and use only when filled with gas and acetone compressed by complainant. This restrictive feature was exploited by complainant, by its advertising matter and otherwise, at least during the life of the Claude & Hess patent (No. 664,383, December 25, 1900), under which the apparatus in question was manufactured. The patent was held by the Circuit Court of Appeals of the Seventh circuit to have expired June 30, 1910. Commercial Acetylene Co. v. Searchlight Gas Co., 203 Fed. 276, 121 C. C. A. 474.[1] Complainant's trade-mark was registered June 30, 1906. The gist of the charge against defendants is that they are recharging empty Prest-O-Lite containers with Searchlight gas, the product of a competitor of complainant, and in effect selling Prest-O-Lite tanks charged with Searchlight gas. The final decree below enjoined defendants, in substance, from refilling Presto-O-Lite tanks with any material, and from dealing in such tanks refilled by others than complainant, without in all cases removing or obliterating complainant's trade-mark, and from passing off such refilled tanks as Prest-O-Lite gas tanks, exchanges or refills. Both parties have appealed.

The grounds, broadly stated, on which defendants contend that complainant should be denied relief are: (a) That defendants have not been guilty of fraud or unfair trade; (b) that the attempt to limit the use to which complainant's gas tanks shall be put after their sale by

[1] But see Acme, etc., Co. v. Commercial, etc. Co. (C. C. A. 6) 192 Fed. 321, 326, 112 C. C. A. 573.

complainant is void, whether rested upon trade-mark rights or the system of exchanging filled for empty tanks, under the rule announced in John D. Park & Sons Co. v. Hartman, 153 Fed. 24, 40, 82 C. C. A. 158, 12 L. R. A. (N. S.) 135 (C. C. A. 6), and Miles Medical Co. v. John D. Park & Sons Co., 220 U. S. 373, 31 Sup. Ct. 376, 55 L. Ed. 502; and (c) that by the expiration of the patent the name, and trade-mark "Prest-O-Lite" have been dedicated to the public, under the doctrine of Singer v. June, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118.

[1, 2] The published opinion of Judge Hollister, who heard the case below (Prest-O-Lite Co. v. Davis [D. C.] 209 Fed. 917), so well and so fully considers the first two contentions stated (no reference, however, being made to the doctrine of the Singer Case) as to make discussion by us of the propositions there treated quite unnecessary. We fully agree with his conclusions that defendants have been guilty of unfair trade and that the doctrine of the Parks Cases cited is not opposed to the granting of the relief given. The validity of the attempted license restriction agreements under the Sherman Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]) or at common law is not involved here. The decision of this court in Coca-Cola Co. v. Gay-Ola Co., 200 Fed. 720, 726, 19 C. C. A. 164, is directly in point. Relief may safely be rested upon defendant's interference with complainant's rights under its long-established system of exchanges, which, as a practical proposition and for its own interests, and without contract therefor, it is bound to carry out. Assuming that complainant's trade-mark and trade-name have not, by the expiration of the patent, become public property, we agree with the district judge, and for the reasons given by him, that complainant's rights are not adequately protected by the affixing of the paper label in question upon packages refilled with Searchlight gas, stating that the refilled tank contains acetylene gas made by the Searchlight Gas Company and not Prest-O-Lite gas.

We think the Singer Case has no application. The rule there announced is that on the expiration of a patent the generic name or description under which the patented article has been made and sold during the term of the monopoly (as distinguished from a name merely indicative of origin of manufacture) passes to the public, and may be used by another, provided unmistakable notice is carried that the article is manufactured by the one actually making it, and not by the proprietors of the expired patent. For a discussion of this rule, see the opinion of Judge Denison, speaking for this court, in Merriam v. Saalfield, 198 Fed. 369, 374, 375, 117 C. C. A. 245.

The case here does not involve merely the right to sell tanks in the form made by complainant and bearing such words as "Prest-O-Lite tank" or even "Prest-O-Lite gas tank." The case goes farther. While the patent is upon a gas-storing apparatus which includes the valve-equipped, closed receptacle containing acetylene gas in solution, the gas is not protected by the patent, either as respects manner of manufacture or specific method of compression. Complainant's trade-mark is upon its gas in the portable tank, which gas it compresses in its peculiar way, differing from the Searchlight process. It has never sold

its tanks except as part of a complete gas package, ready charged for illuminating purposes, and in connection with its system of distributing acetylene gas. The trade-mark "Prest-O-Lite," used upon gas stored in complainant's containers, thus indicates "acetylene gas prepared and tanked as the complainant prepares and tanks it in these specific tanks."[2] It also carries with it the idea of complainant's exchange service. These effects are not weakened, but rather are strengthened, by the fact that the "tank" and "system" and "service," as well as specific features of the package, are known as "Prest-O-Lite." The word "Prest-O-Lite" when used upon the charged gas package thus indicates origin or manufacture; and so the case is not within the doctrine of the Singer Case.

The same result has been reached by the Circuit Court of Appeals of the Seventh Circuit in an opinion by Judge Baker, rendered since the decision of the instant case below. Searchlight Gas Co. v. Prest-O-Lite Co., 215 Fed. 692.

Complainant appeals because the decree does not forbid sales of Searchlight gas in Prest-O-Lite containers which had originally borne the trade-mark "Presto-O-Lite," unless the purchaser is given actual notice that the package is not a Prest-O-Lite, and is not exchangeable by the Prest-O-Lite Company when empty. But we think the prohibition against the use of the containers bearing complainant's mark sufficiently protects its interests.

The decree of the district court is affirmed, with costs of the respective appeals against the appellants therein.

---

[2] Judge Ray's expression in Prest-O-Lite Co. v. Avery Light Co. (C. C.) 161 Fed. at page 650.

