## ROBINSON v. AMERICAN CAR & FOUNDRY CO.

### (Circuit Court of Appeals, Seventh Circuit. January 2, 1907.)

### No. 1,313.

**PATENTS — INFRINGEMENT — ACTION — PLEADING — MOTION FOR JUDGMENT ON PLEADINGS—REPLICATION—SUFFICIENCY.**

The declaration in an action for infringement of a patent alleged the proper issuance of the patent. Defendant filed a plea, setting up in bar a decree entered in a prior suit in equity between the parties for infringement of the same patent dismissing the bill for want of equity, and alleging that the device relied on as an infringement was the same in both suits. The latter allegation was denied by a replication. *Held*, that the sustaining of a motion by defendant for judgment on the pleadings was error, since the court could not know without proof that the decree determined the invalidity of the patent, and the plea was met and an issue of fact raised as to the identity of the causes of action by the replication.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below, see 142 Fed. 170.

Plaintiff in error, plaintiff below, filed his declaration for damages for infringement of letters patent No. 594,286, issued to plaintiff on November 23, 1897, for an improvement in casting composite and other wheels.

Defendant pleaded that the matters alleged in the declaration had been adjudicated as follows, namely: That on January 27, 1903, plaintiff filed a bill of complaint in the Circuit Court of the United States for the Northern District of Illinois, charging defendant with infringement of the same patent; that on March 25, 1903, defendant filed its answer, denying infringement "and denying generally the allegations of said bill"; that on September 11, 1903, plaintiff filed his replication; that after a full and final hearing the court on February 23, 1904, ordered, adjudged, and decreed "that the bill of complaint in said cause be, and the same is hereby, dismissed for want of equity, at complainant's costs"; that the case was appealed to the United States Circuit Court of Appeals for the Seventh Circuit, and on January 3, 1905, the decree was affirmed; "that neither of said decisions has ever been vacated, set aside or in any way changed or modified, but that both said decisions of both said courts still remain in full force and effect, as by reference to the record of said cause in said courts will more fully and at large appear"; that at the time of the commencement of this action defendant was making, selling, and using the same form of car and other wheels which it was making, selling, and using prior to and during the former suit and subsequently; that the cause of action set forth in the declaration consists in the charge that defendant by making, selling, and using its said wheels is infringing the patent, which is the same cause of action litigated and decided in the former suit.

In his replication plaintiff admitted that there had been the litigation and decrees stated in the plea; but denied the identity of the cause of action, and denied that, when this action was commenced, defendant was making, selling, and using the same form of car and other wheels that was involved in the former adjudication respecting infringement.

Defendant moved for judgment on the pleadings. The sustaining of this motion resulted in the present writ.

J. Gray Lucas, for plaintiff in error.

Thomas A. Banning, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge, after stating the facts, delivered the opinion of the court.

No matter what evidence was accessible to the court, the only proposition submitted by defendant's motion was that the plea covered the declaration and that the replication failed to meet the plea.

The plea shows that plaintiff's former suit was dismissed for want of equity. But the setting forth of such a decree was not all that a sufficient plea required. For the want of equity may have come from a finding that the patent was void, or from a finding that the patent was valid, but not infringed, or from findings of both invalidity and noninfringement. An adjudication that the patent was void would protect defendant against a new attack by plaintiff on the same patent. But an adjudication that defendant was doing something that did not infringe a valid patent would not justify defendant in doing something else that does infringe.

The declaration avers the proper granting of the patent. That fact carries with it the presumption of the patent's validity. The plea neither tenders a present issue respecting validity, nor alleges that such an issue between these parties had theretofore been adjudicated against plaintiff. As between the declaration and the plea, therefore, the validity of the patent stands confessed.

The plea, however, does meet the declaration, for it alleges that the acts for which defendant is now sought to be held are merely a continuation of the very same acts which were involved in the former litigation and were adjudged not to constitute a cause of action. But this allegation was expressly denied in the replication. So an issue of fact was framed, for the determination of which plaintiff was entitled to a jury trial.

Defendant, nevertheless, contends that the cause should not be remanded for the error in rendering judgment on the pleadings, because an examination of the records of the Circuit Court and of this court in the prior suit will show that the validity of the patent was litigated and was decided adversely to plaintiff. If defendant had set forth such a record, plaintiff would have been entitled to his day in the Circuit Court to meet that plea. Even if it were permissible to look to such records as sources of information from which, first, to amend the plea; and, second, to find the amended plea true—it cannot be known what matters in avoidance might be set forth in a replication.

The legal effect of any former decrees that may be brought into the record of this case, it should be needless to say, will depend upon the pleadings, proceedings, and terms of the decrees themselves, not upon what courts rendered them, nor upon what inferences the parties may have drawn from expressions of judges who entered such decrees.

The judgment is reversed, with the direction to grant the parties leave to amend, if they so desire.