### FRANSIOLI et al. v. PREST-O-LITE CO.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1916.)

No. 2691.

TRADE-MARKS AND TRADE-NAMES ⊸100—INJUNCTIONS—CONDITIONS.

Where defendants, who had engaged in the practice of refilling Prest-O-Lite tanks, which are tanks filled with acetylene gas and are used on motor cars, without obliterating the Prest-O-Lite Company's name and trade-mark, they will, on appeal from an order enjoining them from continuing such practice, be presumed, the Prest-O-Lite Company consenting to modification of the order to conform to an order in another case, which did not necessarily require absolute obliteration, to agree to such modification, it being in their favor.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 114; Dec. Dig. ⊸100.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit by the Prest-O-Lite Company against Frank T. Fransioli and others. From an order granting a temporary injunction, defendants appeal. Remanded, with directions to modify order.

P. M. Canale, of Memphis, Tenn., for appellants.

Wright, Miles, Waring & Walker, of Memphis, Tenn., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. The Prest-O-Lite Company, a manufacturer and distributor of acetylene gas for lighting automobiles and other vehicles, brought suit to restrain alleged unfair competition and infringement of trade-mark by the copartnership called the Bluff City Welding Company, which acted as sales agent for the Memphis Acetylene Gas Company, which latter company was permitted to become a codefendant. Plaintiff stores its gas in portable, copper-plated steel cylinders, the container being marked "Prest-O-Lite Gas Tank" and bearing plaintiff's corporate name as manufacturer, etched in the metal surface of the cylinder, together with a notice licensing its sale and use only when filled with gas and acetone compressed by plaintiff, who

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

furnishes its customers in the first instance with the filled package, the empty container being exchanged for filled packages under a system and on terms described in the opinion of this court in Prest-O-Lite Co. v. Davis, 215 Fed. 349, 131 C. C. A. 491, where also plaintiff's trade-mark rights are set forth. The gist of the charge against defendants is that they are recharging empty Prest-O-Lite containers with gas made by the Memphis Company, and in effect selling Prest-O-Lite tanks charged with the gas referred to. Collins and others, who own Prest-O-Lite tanks, and have been in the habit of having them refilled by defendants (as well as by another party) at prices said to be much less than charged by the Prest-O-Lite Company, were given leave to intervene for the protection of their asserted right to continue such practice. The appeal is from an order granting a temporary injunction restraining defendants, in substance, from refilling Prest-O-Lite tanks with any material, and from dealing in such tanks refilled by others than plaintiff, without in all cases removing or obliterating plaintiff's trade-mark, and from passing off such refilled tanks as Prest-O-Lite gas tanks, exchanges, or refills.

The prominent grounds on which defendants contest plaintiff's right to the relief granted are: (1) That defendants have not been guilty of fraud or unfair trade; and (2) that the attempt to limit the use to which plaintiff's gas tanks shall be put after sale by plaintiff is void, whether rested upon trade-mark rights or the system of exchanging filled for empty tanks.

The case differs in no essential feature from the Davis Case, and defendants' contentions in the instant case are, with one exception, fully covered by what was said in the former case and in the opinion rendered by Judge Hollister in that case in the District Court. 209 Fed. 917. The views announced by us in the Davis Case are in harmony with the decision of the Circuit Court of Appeals of the Seventh Circuit in Searchlight Gas Co. v. Prest-O-Lite Co., 215 Fed. 692, 131 C. C. A. 626, and the decision of the Circuit Court of Appeals for the Eighth Circuit in Prest-O-Lite Co. v. Heiden, 219 Fed. 845, 135 C. C. A. 515, L. R. A. 1915F, 945. On the authority of these decisions, the order appealed from must be affirmed except in one particular: it forbids the refilling of or dealing in Prest-O-Lite tanks without "completely removing and permanently obliterating from said cylinders or tanks the said trade-mark 'Prest-O-Lite,'" etc. Defendants' only attempt to obliterate the trade-mark "Prest-O-Lite" is by covering it over with black paint. Such covering is no more permanent than the covering by printed paper label, held in the Searchlight, Davis, and Heiden Cases to be an insufficient obliteration. But by an amendment of the obliteration provision of the order in the Davis Case (made after the decision of the District Court in the instant case and subsequent to the amendment of the order in the Searchlight Case) the refilling or dealing in refilled Prest-O-Lite tanks was forbidden without "replating or enameling the outer surface of such cylinders or tanks so that the name of the Prest-O-Lite Company and the word 'Prest-O-Lite' shall be obliterated to the complete extent that either plating or enameling can be made to so obliterate, and such obliteration by

plating or enameling shall not be dispensed with, no matter how such name and trade-mark appear, whether plated, etched, or otherwise, and without in addition thereto plating or stamping on the outer surface of the tank in legible and permanent form notice that such tank has been refilled or recharged by the defendants or their agents."

Defendants, by their brief (presumably written before they learned of our amended order in the Davis Case), ask that the order, unless reversed, be made to conform to that in the Searchlight Case, which differs somewhat from that in the Davis Case. Plaintiff now consents to amendment conformably to that had in the latter case. We take it for granted that defendant would rather have the order conformed to that in the Davis Case than to have it affirmed.

The record is accordingly remanded to the District Court, with directions to modify the order so as to conform substantially to the amended order in the Davis Case. The costs of this court will be divided.