Morris HOFFMAN, Plaintiff,

v.

**WISNER CLASSIC MANUFACTURING CO., INC., Defendant.**

**No. 95 CV 1058 (ADS).**

United States District Court,
E.D. New York.

June 1, 1996.

Bauer & Schaffer by Murray Schaffer and Panagiota Betty Tufariello, Mineola, New York, for Plaintiff.

Fish & Richardson by Jeffrey Snow, Boston, Massachusetts, for Defendant.

## MEMORANDUM OF OPINION AND ORDER

SPATT, District Judge:

This lawsuit arises from the patent infringement claims of the plaintiff, Morris Hoffman ("Hoffman" or the "plaintiff") against the defendant Wisner Classic Manufacturing Co., Inc. ("Wisner" or the "defendant"). Hoffman is the owner of U.S. Patent No. 4,602,860 ("the '860 patent") which apparently covers the components used in a certain type of camera. The gravamen of his Complaint is that Wisner has violated his rights by manufacturing cameras which infringe on the '860 patent. Based on these allegations, on March 15, 1995, the plaintiff filed this lawsuit claiming patent infringement, unfair competition and violations of New York General Business Law §§ 349 and 350.

The defendant moves to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b) on res judicata grounds and for lack of personal jurisdiction and venue. In addition, the defendant has moved for leave to join a counterclaim defendant, Murray Schaffer ("Schaffer") pursuant to Fed.R.Civ.P. 13(h).

## I. *Background*

The plaintiff, Morris Hoffman, apparently a New York resident, conducts business under the name "Hoffman Camera Corporation," located in Farmingdale, New York. Although the parties disagree as to the defendant's state of incorporation, they agree that its principal place of business is in Marion, Massachusetts.

On July 29, 1986, the plaintiff was issued U.S. Patent No. 4,602,860 entitled "Camera Focusing Means." In addition, on May 3, 1994 the Patent Office issued to the plaintiff a Reexamination Certificate, United States Patent B1 4,602,860 ("the '860 B1 certificate"). The B1 Certificate affirmed the validity of Mr. Hoffman's prior patent, and also reflects the fact that during the reexamination proceedings, Hoffman advanced additional claims of patentability with respect to the camera devices at issue. These claims were determined to be patentable and indeed were patented in the '860 B1 certificate. These claims are not relevant to the motions presently before the Court.

According to the Complaint, Wisner manufactures cameras known as "technical field cameras" which have "rear axis tilt" and "parallel rear rise." Hoffman asserts that the technical field cameras violate his rights by "providing for a tilting screen capable of having rear access tilt, use, swing and focusing movement, as set forth in claims 1–3 of the '860 patent and 4–7 of Reexamination Patent '860 B1." Based on these allegations, Hoffman claims that Wisner is liable for patent infringement, unfair competition and violations of New York General Business Law §§ 349–50. The plaintiff seeks money damages, an injunction prohibiting the defendant from continued infringement and attorneys' fees and costs.

Wisner denies the allegations contained in the Complaint and pleads a variety of affirmative defenses, including the contention that this lawsuit is barred by the doctrine of res judicata. In addition, the defendant asserts multiple counterclaims alleging that the '860 patent is invalid and unenforceable; unfair competition on the part of the plaintiff; tortious interference with Wisner's business; violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68; and that Wisner is entitled to costs and attorneys' fees.

In addition to the allegations contained in the Complaint and the defendant's counterclaims, the Court notes that this is the second lawsuit filed by the plaintiff against the defendant regarding the '860 patent. On November 30, 1990, Hoffman filed his first

complaint before this Court alleging infringement of the '860 patent in *Hoffman v. Wisner Classic Mfg. Co.*, CV 90–4105 (ADS). On March 24, 1992, the Court advised the plaintiff that the case would dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) unless he responded within twenty days as there had been no activity in the case since December 7, 1990. By letter dated April 14, 1992, the plaintiff's counsel advised the Court that due to failed settlement negotiations, Hoffman would move for a default judgment in the near future because Wisner had not yet answered or moved with respect to original complaint. There having been no activity in the case pursuant to the April 14, 1992 letter however, the Court dismissed the case pursuant to Fed.R.Civ.P. 41(b) on November 11, 1992. On December 3, 1992 plaintiff advised the Patent Office that a petition to stay proceedings had been filed in the 1990 case. However, the Court records indicate no petition was ever filed.

Wisner has filed two motions now before the Court. First, the defendant moves to dismiss the case pursuant to Fed.R.Civ.P. 12(b). Initially, Wisner moves to dismiss under Fed.R.Civ.P. 12(b)(6) arguing that this action is barred by the doctrine of res judicata. In the alternative Wisner contends that this case should be dismissed for lack of personal jurisdiction and improper venue pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) respectively. Second, the defendant moves to add a defendant for the purposes of asserting its counterclaims. The Court will address each of these motions in turn.

## II. *Discussion*

### A. The motion to dismiss

#### 1. *Standard of Review*

On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'". *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also, IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052–53 (2d Cir.1993). The Second Circuit has stated that in deciding a Rule 12(b)(6) motion a Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993); *see also, Rent Stabilization Ass'n of the City of New York v. Dinkins*, 5 F.3d 591, 593–94 (2d Cir.1993), citing, *Samuels*, 992 F.2d at 15.

■ It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient, *see, Goldman*, 754 F.2d at 1067, and in doing so, it is well settled that the Court must accept the allegations of the complaint as true, *see, LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.*, 879 F.2d 10, 14 (2d Cir.1989) *cert. denied*, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See, Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f). It is within this framework that the Court addresses the present motion to dismiss.

#### 2. *Res Judicata*

Initially, the defendant moves to dismiss the Complaint pursuant to the doctrine of res judicata. "Under the doctrine of res judicata, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Saud v. Bank of New York*, 929 F.2d 916, 918–19 (2d Cir.1991), quoting, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

Wisner contends that because the plaintiff's first lawsuit alleging infringement of the '860 patent was dismissed in 1992 pursuant to Fed.R.Civ.P. 41(b), and that such a dismissal constitutes a decision on the merits, this subsequent lawsuit brought against the same defendant alleging the same infringement is precluded.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

*Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

■ It is well-settled that such a dismissal by the Court *sua sponte* under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and that such a dismissal is with prejudice. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–32, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962) (recognizing a trial court's ability to dismiss an action *sua sponte* with prejudice pursuant to Rule 41(b)); *West v. Gilbert,* 361 F.2d 314, 316 (2d Cir.), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); 9 Wright & Miller, Federal Practice and Procedure Civil 2d § 2369 (1994) at 331.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendar of the District Court.

*Link,* 370 U.S. at 629–30, 82 S.Ct. at 1388, citing, 3 Blackstone, Commentaries (1768), 295–96; *see also Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir.1982); *Taub v. Hale,* 355 F.2d 201, 202 (2d Cir.), *cert. denied,* 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966). "It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct." *West v. City of New York,* 130 F.R.D. 522, 524 (S.D.N.Y.1990). Indeed the Second Circuit has recently reiterated that "[t]he district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the non-compliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995).

■ Furthermore, a dismissal under Rule 41(b), unless it is expressly stated to be without prejudice, will generally bar a subsequent action on the claim under principles of res judicata. *See, PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.,* 495 F.2d 1265, 1275 (2d Cir.1974) ("a dismissal for failure to prosecute an action 'operates as an adjudication on the merits, unless the court specified otherwise ... under normal circumstances we would have no alternative to holding that such a dismissal would have res judicata effect."); *Proctor v. Millar Elevator Service Co.,* 8 F.3d 824 (D.C.Cir.1993) (it was error to fail to dismiss second complaint after first complaint was dismissed for failure to prosecute under Rule 41(b)); 5 Moore's Federal Practice ¶ 41.14 (1995).

■ In 1990, the plaintiff filed a lawsuit in this Court against the defendant alleging violation of the '860 patent. On March 24, 1992, Hoffman was sent notice informing him that his action would be dismissed within twenty days for failure to prosecute unless some further action was taken. The plaintiff responded with a letter stating that a motion for a default judgment would soon be filed, however no subsequent motion was ever made. As a result, the lawsuit was duly dismissed on November 11, 1992 pursuant to Fed.R.Civ.P. 41(b).

As a result of this determination in the prior similar lawsuit, the defendant's motion to dismiss the Complaint based on the doctrine of res judicata is granted. This Court's

Rule 41(b) dismissal of Hoffman's prior lawsuit against Wisner on the '860 patent operates as an adjudication on the merits which bars this second suit on the same subject. The dismissal of the prior suit, with prejudice, precludes Hoffman from asserting the present infringement case. *See, Molinaro v. American Tel. & Tel. Co.*, 460 F.Supp. 673, 675–76 (E.D.Pa.1978), *aff'd*, 620 F.2d 288 (3d Cir.1980), (dismissing patent infringement suit on res judicata grounds where prior suit was dismissed for failure to comply with discovery orders and such dismissal was an adjudication on the merits), citing, *Larson v. General Motors Corp.*, 134 F.2d 450 (2d Cir.), *cert. denied*, 319 U.S. 762, 63 S.Ct. 1318, 87 L.Ed. 1713 (1943).

■ While the Court recognizes that the earlier complaint did not contain causes of action for unfair competition and violations of the New York General Business law, res judicata applies to all claims that were actually litigated and those that could have been litigated. Accordingly, these claims contained in the second Complaint are barred as well.

■ Hoffman makes several arguments to avoid this determination, all without merit. Initially, the plaintiff argues that because the Order of Dismissal in the 1990 case does not explicitly say whether it was with or without prejudice, the matter was not adjudicated on the merits. However, as stated above, the Second Circuit infers prejudice in the absence of an indication to the contrary. *See, PRC Harris, Inc.*, 700 F.2d at 896; Moore's at ¶ 41.14. In fact, in *Kern v. Hettinger*, 303 F.2d 333 (2d Cir.1962), the case principally relied upon by Hoffman, the Second Circuit stated that "[in] the absence of the words 'without prejudice,' we must and do decide that the dismissal was on the merits and that it was intended to be on the merits." *Id.* at 340. Accordingly, the Court's dismissal of the 1990 case for failure to prosecute was on the merits and the effect of res judicata is applicable.

■ Second, Hoffman relies on *Kern* to argue that there will be no binding adjudication under Rule 41(b) unless the defendant filed an appearance in the case. However, *Kern* does not require that the defendant filed an answer or an appearance. Rather, *Kern* states that a defendant, like Wisner, who is *served with process,* is entitled to a binding adjudication of dismissal under 41(b). Thus, the key issue in *Kern* is service, not appearance. Because Wisner was served with a Summons and Complaint for the 1990 suit, he is entitled to the res judicata effect which a Rule 41(b) dismissal provides.

■ Hoffman further contends in the alternative, that even if the prior case was validly dismissed, he is nevertheless entitled to damages for the alleged infringing activities conducted since the dismissal of the first case in 1992 through the present day. In support of this argument, the plaintiff cites, *Auto Acetylene Light Co. v. Prest–O–Lite Co.*, 264 F. 810 (6th Cir.1920), which held that the dismissal of a prior action for patent infringement did not operate as res judicata regarding a subsequent suit for patent infringement where the subsequent suit sought to recover for infringement activity by the defendant conducted after the first suit was dismissed.

The plaintiff's argument does not persuade the Court for two reasons. First, in *Auto Acetylene*, the court stated that a plaintiff could sue the same defendant again for a "subsequent and different infringement." *Id.* at 815–16. The different infringement in that case referred to the fact that in the first lawsuit, the activity alleged was "trivial" as nobody was "deceived or hurt by the conduct of the defendant." *Id.* at 814. In the subsequent case however, the new activity, which occurred after the first case was dismissed and therefore constituted new conduct, was sufficient to support the plaintiff's claims. By contrast, here Wisner's cameras are designed in the same manner as they were in the prior action. Thus, plaintiff's second complaint is based upon the same conduct alleged in the first complaint and is barred by the doctrine of res judicata. *See Teltronics Services, Inc. v. L.M. Ericsson Telecomm. Inc.*, 642 F.2d 31, 35 (2d Cir.1981) (holding that where there was no conduct alleged in the second complaint which arose after the court's prior 41(b) dismissal, the

principles of res judicata applied and the second suit was invalid).

Second, even if *Auto Acetylene* was otherwise guiding precedent for this case, it was decided prior to the adoption of Rule 41 in 1937. As a result, any tension that might exist between Rule 41(b) and the court's conclusion could not possibly have been addressed. Accordingly, the Court finds that *Auto Acetylene* is inapplicable.

Plaintiff's final argument is that because there are new claims under the B1 reexamination patent as of 1994 when the Reexamination Certificate was issued, the present action cannot be barred by res judicata. The Court disagrees.

▆ The purpose of the reexamination statute is to increase the reliability of doubtful patents by permitting the Patent and Trademark Office to consider prior art affecting the validity of the patent which may have escaped review at the time of the initial application. Whether a reexamination is ordered depends upon the presence or absence of a substantial new question of patentability. Upon determining the patentability of the reexamined patent, the Commissioner issues a certificate confirming those claims determined to be patentable. *See,* 4 Lipscomb's, Walker On Patents, 15.1 (1986).

▆ An important limitation on reexamination however, is that "[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding." 35 U.S.C. § 305. Thus, claims added or amended in a reexamination proceeding will necessarily be narrower because section 305 bars claims that enlarge the scope of original claims. Therefore, no device can infringe the narrower claims emerging from reexamination that would not have infringed the original claims as well. *See In re Freeman,* 30 F.3d 1459, 1464 (Fed.Cir.1994). Because the '860 patent's claims were narrowed by the addition of claims 4–7, and because it has already been concluded that any prior action for infringement of the original patent has been adjudicated in favor of the defendant, Wisner cannot now be deemed guilty of infringing upon this new, narrower patent.

Accordingly, the defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted. As a result of the defendant's motion based on the doctrine of res judicata being granted, the Court need not consider the defendant's personal jurisdiction or venue arguments. Nevertheless, because the defendant's counterclaims still remain, the Court must address the Wisner's motion to add Murray Schaffer as a counterclaim defendant.

### B. The motion to add Murray Schaffer as a counterclaim defendant

As set forth above, in addition to moving to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(2), 12(b)(3) and 12(b)(6), the defendant also moves to add the plaintiff's attorney, Murray Schaffer, Esq. as a counterclaim party defendant with respect to Wisner's RICO counterclaim pursuant to Fed.R.Civ.P. 13(h).

Fed.R.Civ.P. 13(h), governing addition of parties for the purpose of maintaining counterclaims or cross-claims, provides that:

> [p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20.

According to Fed.R.Civ.P. 20(a), governing permissive joinder of parties,

> [a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

At least one court in this district recognized the standard as a two prong inquiry. In *Novak v. TRW, Inc.,* 822 F.Supp. 963, 973 (E.D.N.Y.1993), Judge Wexler set forth the test as follows:

> a party may be joined to an action [under Rules 13(h) and 20(a) ] if: (1) the right to relief of that party arises out of the same transaction, series of transactions or occurrences; and (2) there are some common

questions of law or fact presented. *Shaw v. Munford,* 526 F.Supp. 1209, 1213 (S.D.N.Y.1981).

*See also Broadcast Music, Inc. v. Hearst/ABC Viacom Entertainment Servs.,* 746 F.Supp. 320, 330 (S.D.N.Y.1990).

Courts are to interpret Rule 13 liberally consistent with the general objectives of the Rule in order to "avoid multiplicity of litigation, minimize the circuity of actions and foster judicial economy." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure Civil 2d § 1434 at 268; *see also United Artists Corp. v. Masterpiece Prods., Inc.,* 221 F.2d 213, 217 (2d Cir.1955) ("A liberal attitude toward the inclusion of parties is necessary concomitant to the liberalized third-party practice authorized by the Federal Rules"). Rule 13(h) is properly applied to patent infringement actions. *See* Wright, Miller & Kane, § 1435 at 273 (citing cases).

Applying these standards the Court finds that the Wisner has alleged a cause of action against Murray Schaffer with common questions of law and fact sufficient to warrant his joinder as a counterclaim defendant. Hoffman's Complaint alleges claims of patent infringement, unfair competition, and infraction of New York General Business Law, all based on the defendant's alleged violation of the plaintiff's rights with regard to the '860 patent. The defendant explains in its reply memorandum of law, that

> the allegations against Schaffer primarily relate to his activities in obtaining Hoffman's patent ['860] in the United States Patent Office. Schaffer is accused of acting in concert with Hoffman in a series of frauds largely revolving around preparation and submission of a fraudulent affidavit and a doctored photograph to the PTO during reexamination of the patent-in-suit.

Def.Rep.Mem. of Law at 3. Based on questions of law and fact common to both parties' allegations contained in the Complaint and counterclaims, the requirements of Fed.R.Civ.P. 13(h) and 20(a) are satisfied. As a result, the defendant's motion to add Schaffer as a defendant to the its RICO counterclaim is granted.

In reaching this conclusion the Court must address two collateral issues. First, because the Complaint has been dismissed, as a technical matter, there can be no right to relief arising out of the same transaction between the Hoffman's claims and Wisner's counterclaims as the plaintiff's claims are no longer viable. Nevertheless, the Court finds that because Wisner was brought into this second lawsuit relating to the '860 patent as an unwilling defendant, and because it has satisfied the requirements of Rule 20(a) allowing for permissive joinder independent of Rule 13(h), addition of Schaffer as defendant to the RICO counterclaim is appropriate.

Second, the Court also notes that Hoffman contests Wisner's motion on the ground that Wisner's allegations against Schaffer must fail as a matter of law. As a result, the plaintiff reasons that the motion is improper. In the Court's view, the plaintiff misreads Fed.R.Civ.P. 13(h) and 20(a).

The standard for a motion to add a counterclaim defendant does not speak to the merits of the cause of action alleged. Rather, Fed.R.Civ.P. 13(h) and 20(a) address whether there are sufficient common issues of law and fact between the claims and the counterclaims and between the existing counterclaim defendants and those sought to be added. While the Court expressly declines to comment on the merits of Wisner's counterclaims, the Court finds that the defendant has fulfilled the limited requirements set forth under Rules 13(h) and 20(a). Accordingly, the defendant's motion to add Schaffer as a counterclaim defendant is granted.

### III.  *Conclusion*

After reviewing the parties submissions, and for the reasons set forth above, its is hereby

ORDERED, that the defendant's motion to dismiss the Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) is granted; and it is further

ORDERED, that the defendant's motion to add Murray Schaffer, Esq. as a party defendant with respect to its RICO counter-

claim pursuant to Fed.R.Civ.P. 13(h) is granted.

SO ORDERED.