O’MALLEY, Circuit Judge,
dissenting.
The dispositive issue in this case is whether Senju’s reexamined claims granted new patent rights that Senju could not have asserted in its first lawsuit against Apotex. The majority says that, “a so-called ‘reexamined patent’ is the original patent.” Maj. Op. at 1352 (emphasis added). Under the majority’s reasoning, after a patentee asserts a patent’s original claims in one lawsuit, a subsequent lawsuit asserting the patent’s reexamined claims against the same defendant is an improper attempt to revisit a patent that has already been adjudicated. But, it is the rights created by a patent that are adjudicated, and it is on whether new rights were obtained through reexamination that I believe we must focus.
Although reexamined claims cannot be broader in scope than original claims, they sometimes grant broader rights than original claims. This case illustrates this fact. In Senju’s first action against Apotex, the district court ruled that the asserted original claims of U.S. Patent No. 6,333,045 were invalid as obvious, meaning that Sen-ju had no rights at all under these claims. Senju Pharm. Co. v. Apotex Inc., 836 F.Supp.2d-196, 210-11 (D.Del.2011) aff'd, 485 Fed.Appx. 433 (Fed.Cir.2012); Senju Pharm. Co. v. Apotex Inc., 717 F.Supp.2d 404, 433 (D.Del.2010). The narrowed claims that emerged from reexamination after the first lawsuit was filed but before final judgment was entered in that action were presumptively valid, however, and may have — for the first time — given Senju actionable legal rights. See Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1367 (Fed.Cir.2001) (noting that the presumption of validity applies to reexamined claims). If reexamination did, in fact, create rights that did not exist in time for Senju to assert them in the first action against Apotex, claim preclusion should not prevent Senju from asserting its new rights in this action. See Lawlor v. Natl Screen Serv. Corp., 349 U.S. 322, 328, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) (a prior judgment “cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case”). To rule otherwise would fault Sen-ju for failing to raise claims that did not exist — a problematic result that the majority’s analysis would allow.
Determining whether the '045 patent’s reexamined claims actually provided Senju new rights requires comparing the reexamined claims with the patent’s original claims. Only if the reexamined claims are substantially the same as Senju’s original claims can we conclude that the reexamined claims cover rights that could have been asserted in the first action against Apotex.[1] Because the district court failed *1355 to conduct this necessary comparison, I would vacate its judgment and remand for further analysis. Accordingly, I respectfully dissent.
I.
The doctrine of claim preclusion applies in only two ways: (1) to prevent a party from relitigating claims that have already been resolved, and (2) to bar a party from bringing certain claims that could have been brought in a prior lawsuit. See Federated Dep’t Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (“There is little to be added to the doctrine of res judicata as developed in the case law of this Court. A final judgment on the merits of an action precludes the parties and their privies from relitigat-ing issues that were or could have been raised in that action.”); CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir.1999). We expect parties to bring all their mature claims arising from the same set of facts in a single lawsuit, and not to dispute rights that have already been determined. But we have never expected parties to assert rights that they do not have. See Lawlor, 349 U.S. at 328, 75 S.Ct. 865; see also Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir.1986) (noting that res judicata “does not bar claims arising subsequent to the entry of [a prior] judgment and which did not then exist or could not have been sued upon in the prior action”). Nonetheless, the majority seems to introduce such an expectation into our case law today— requiring patentees to assert rights they have, or may later acquire, in a single lawsuit. This unprecedented expansion of the doctrine of claim preclusion is not one that I endorse.
The majority correctly observes that “a reexamined claim cannot contain within its scope any product or process which would not have infringed the original claims.” Maj. Op. at 1352. Claims cannot be broadened through reexamination under 35 U.S.C. § 305. Thus, if a product does not infringe a patent’s original claims, the product necessarily will not infringe any of that patent’s reexamined claims. Consequently, if a court enters final judgment that a product does not infringe a patent’s original claims, then the product’s nonin-fringement of any reexamined claims is already “a thing adjudicated,” and traditional notions of claim and issue preclusion collectively would prevent a party from asserting infringement of the reexamined claims in a subsequent action. See Black’s Law Dictionary (9th ed.2009) (translating “res judicata” as “a thing adjudicated”). In other words, when infringement is the only consideration, reexamined claims cannot expand a patentee’s rights beyond those granted by the original claims.
The majority, however, does not consider how issues of validity affect the preclusion analysis. With respect to infringement, a product that does not infringe a broad original claim will, in every instance, not infringe a narrower reexamined claim (or a reexamined claim of identical scope to an original claim). But, the same analy *1356 sis does not apply to validity determinations. Here, Senju’s original claims were invalidated, meaning that they provided Senju with no patent rights. Senju, 836 F.Supp.2d at 210-11; Senju, 717 F.Supp.2d at 433. This does not mean that Senju necessarily had no patent rights under its reexamined claims solely because they could not be broader in scope than Senju’s original claims. During reexamination of the '045 patent, the United States Patent and Trademark Office (“PTO”) considered the prior art and arguments that led the district court to invalidate Senju’s original asserted claims, as well as the district court’s opinion holding those claims invalid. See Senju Pharm. Co. v. Apotex Inc., 891 F.Supp.2d 656, 658 (D.Del.2012). The PTO agreed with the district court that the original claims were obvious. See id. Senju, however, narrowed the scope of its claims during reexamination, and the PTO ultimately determined that these narrowed claims were patentable. See id. at 658-59. The reexamined claims that issued were presumptively valid and, unlike the invalid original claims, may have provided Senju with actionable patent rights (i.e., a new cause of action).
Despite the district court’s determination that the '045 patent’s original claims were invalid, Senju’s right to exclude under its reexamined claims was only “a thing adjudicated” if those claims were substantially the same as its original claims. Otherwise, Senju’s second lawsuit against Apotex involved new patent rights and raised new questions of validity and infringement that the courts have never answered. The majority acknowledged that the precise issue presented is “whether ... the same patent rights [ ] were involved in both suits,” as opposed to whether “the same patents ” were involved. Maj. Op. at 1350 (emphases added). Despite this, the majority concludes that it “need not opine” on “[wjhether it is possible that a reexamination could ever result in the issuance of new patent claims that were so materially different from the original patent claims as to create a new cause of action.... ” Id. at 1353. That issue, however, is squarely presented here, and Senju’s reexamined and original claims must be compared to determine whether reexamination created a new cause of action.[2]
II.
The majority’s analysis is based largely on this court’s decision in Aspex Eyewear, Inc. v. Marchan Eyewear, Inc., 672 F.3d 1335 (Fed.Cir.2012), but Aspex merely applied traditional claim preclusion principles and does not support the majority’s expansive view of the doctrine. In 2002, Aspex Eyewear, Inc. (“Aspex”) alleged that Revolution Eyewear, Inc. (“Revolution”) had infringed claims 6, 22, and 34 of a patent claiming magnetic clip-on eyewear. Id. at 1338. The district court entered summary judgment of noninfringement with respect to claims 6 and 34, and granted summary judgment that claim 22 was infringed and not invalid. Id. at 1338-39. In 2008, the PTO completed a reexamination of the same patent, which, among other things, *1357 allowed an amended version of claim 23 and allowed new claim 35, which depended from claim 23. Id. at 1339. In 2009, Aspex filed a separate lawsuit against Revolution, asserting infringement of reexamined claims 23 and 35. Id. at 1340. The district court determined that claim preclusion barred Aspex’s assertion of its reexamined claims, and our court agreed that the reexamined claims did not create rights beyond those Aspex had under its original claims. Id. at 1340,1342.
Importantly, both the trial court in As-pea; and our court conducted the same type of analysis I would require the district court to conduct here: comparing the patent’s reexamined claims with its original claims to determine whether they were substantially the same. See id. at 1340-42. After careful analysis, our court agreed with the district court that Aspex’s newly asserted claims “were merely new versions of claims that were part of the ... patent prior to its reexamination.” Id. at 1341. We observed that the amendment to claim 23 during reexamination was “insubstantial” and that the limitation added by claim 35 was “an insignificant change.” Id. Thus, because Aspex’s reexamined claims were substantially the same as its original claims, we concluded that no new grounds to assert infringement were presented and that “allowing Aspex to pursue amended claim 23 and new claim 35 ... would present a clear instance of ‘claim splitting,’ which is forbidden by the principles of res judicata.” Id. (quoting Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed.Cir.1995)). In short, in As-pex, we determined that Aspex’s reexamined claims covered rights that could have been asserted prior to reexamination — a traditional basis for applying claim preclusion. Neither the district court nor the majority, however, makes this critical determination here, rendering their analyses incomplete.
In expanding the reach of claim preclusion, the majority highlights dicta in Aspex that I do not agree is applicable to this case. In Aspex, we did state that “claims that emerge from reexamination do not create a new cause of action that did not exist before.” Id. at 1342 (citing Hoffman v. Wisner Classic Mfg. Co., 927 F.Supp. 67, 73 (E.D.N.Y.1996)). But, in Aspex, none of the original claims had been invalidated. We did not assess whether entirely new patent rights might have emerged from reexamination. The original case turned on whether the accused products infringed the claims of the patent at issue. Because we found the new claims coextensive with the original claims, we found the nonin-fringement finding in the first action controlling. Consequently, the statement in Aspex that reexamination cannot create new rights should have no bearing here, where the facts of the case prove otherwise.
Also missing from the discussion is the Aspex court’s articulation of the principles that should govern here. In Aspex, we expressly noted: “If a claim did not exist at the time of the earlier action, it could not have been asserted in that action and is not barred by res judicata.” Aspex, 672 F.3d at 1342. We stressed this idea again, stating: “res judicata requires a party to assert all claims that the party could have asserted in the earlier lawsuit; it follows that if the party could not have asserted particular claims ... those claims could not have been asserted and therefore are not barred by res judicata.” Id. If Senju’s reexamined claims are not substantially the same as its original claims — as may well be true — then they do not encompass rights that Senju could have asserted in the first action. In such a case, Aspex makes clear that claim preclusion should not apply.
*1358 III.
Finally, the majority’s concerns about Senju’s use of “reexamination to obtain a second bite at the apple” are not well-founded. Maj. Op. at 1353. Reexamination routinely provides defendants with a second opportunity to invalidate a patent’s claims. Even after a defendant fails to invalidate a patent in district court, it can nonetheless strip the plaintiff of any right to relief if it succeeds in invalidating the plaintiffs claims in reexamination before final judgment is entered in the first case. See, e.g., Fresenius USA, Inc. v. Baxter Int’l, Inc., 721 F.3d 1330 (Fed.Cir.2013). Here, as the majority concedes, the reexamination certificate issued before final judgment was entered in the first action before the district court. The reexamination cancelled claims 1-3 and 8-11 of the '045 patent and certified amended claim 6, new independent claim 12, and new dependent claims 13-16 as patentable. Still before final judgment was entered, Senju filed its second action asserting the new, presumptively valid, claims that emerged from reexamination. Thus, Senju’s potentially new rights were both granted by the PTO and asserted in federal court before the final judgment in the first action. Particularly when a plaintiff is acting before the entry of a final judgment resolving any patent rights — a timeframe where defendants are free to use reexamination to alter patent rights that are being adjudicated before a district court — there seems to be no basis for preventing a plaintiff from making favorable use of reexamination, as defendants often do.
IV.
In sum, the majority’s analysis rests on a mischaracterization of the rights granted by reexamined claims, resulting in an unprecedented expansion of the doctrine of claim preclusion. For the reasons stated above, I dissent.

. Importantly, neither the majority nor Apo-tex contends that Senju's reexamined claims could have been asserted in the original action. Although Senju’s reexamined claims issued before final judgment was entered in the first action, Senju did not have an opportunity to bring its reexamined claims in that case. A judgment had been entered in the first litiga *1355 tion prior to the issuance of Senju’s reexamined claims. When the reexamined claims issued, the district court had reopened the record — but only for the limited purpose of allowing additional testimony regarding the validity of claim 7 of the '045 patent. If Senju’s reexamined claims could have been brought in the original action, then traditional principles of claim preclusion would bar claims for past infringement, and the doctrine set forth in Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065 (1907), might well bar claims of infringement with respect to actions occurring post-judgment, despite our holding in Aspex. See Brain Life, LLC v. Elekta Inc., No. 2013-1239, 746 F.3d 1045, 2014 WL 1139469 (Fed.Cir.-, 2014). That is not this case, however.

. Before it would be appropriate to compare Senju's reexamined and original claims, the majority suggests that there must be a "clear showing that ... a material difference in fact exists” between the original and reexamined claims. Maj. Op. at 1353. The basis for requiring this heightened showing or placing the burden on the patentee is unclear. Because the majority has determined that Senju has not shown such a material difference here, moreover — where Senju’s reexamined claims are presumptively valid and its original claims have been ruled invalid — it is difficult to imagine how a party could meet the heightened requirement that the majority imposes today.